BASTIN, APPELLANT, v. EADS, APPELLEE.[*]
(Two cases.)

(Nos. 36186 and 36187—Decided May 4, 1959.)

*Messrs. Weber, Hensley & Nurre,* for appellants.
*Mr. Robert G. McIntosh,* for appellee.

LONG, J.   These two actions were brought by husband and wife, for personal injuries to the latter, and for the recovery of loss of services and expenses attendant upon the treatment of the wife for such injuries.

The defendant was operating his "racing" car, which was being towed along Erkenbrecker Avenue in Cincinnati, Ohio, on the evening of the occurrence in question.   It is admitted that at the time, most automobiles on the highways were being driven with the lights in operation.   Mr. Bastin, his wife, and minor child were crossing the street, approximately in the middle of the block; plaintiffs' position with reference to this fact is that the intersections of Erkenbrecker Avenue with the nearest streets are unreasonably distant, and, therefore, they had a right to cross the street to get to their automobile which was parked on the south side of the street; plaintiffs were crossing from north to south.   However, while the trial court mentioned this in passing on defendant's motion for an instructed verdict, the motion was granted on the trial court's conclusion "that there's been a total failure on behalf of plaintiffs in this case, or in these cases, to show any actionable negligence on behalf of defendant."   With this reasoning of the trial court, we cannot

---

*Motions to certify the records overruled, November 25, 1959.

agree. In arriving at its conclusion, the trial court cited most of the sections of the Revised Code bearing upon lights, as the same apply to situations of this kind; but where two automobiles are being operated in combination, as in the cases at bar, the car being "towed" must have headlights, unless those lights would be obscured by the "towing" vehicle.

Defendant's "racer" automobile was being "towed" by a six-foot steel cable; which necessitated an operator at the wheel of the "towed" car. While it does not appear that the "towed" car swerved in the direction of Mrs. Bastin, nevertheless, the "towed" car could swerve, and actually did so swerve, when the driver heard Mrs. Bastin's body come in contact with the "towed" car; defendant testified that, when he heard the bump caused by Mrs. Bastin's body against the cowl on the right side of the "racer" he was driving, he swerved to the left.

The trial court did not mention Section 4513.08, Revised Code, which provides as follows:

"Whenever motor or other vehicles are operated in combination during the time that lights are required, any light, except tail lights, which by reason of its location on a vehicle of the combination would be obscured by another vehicle of the combination need not be lighted, but this section does not affect the requirement that lighted clearance lights be displayed on the front of the foremost vehicle required to have clearance lights or that all lights required on the rear of the rearmost vehicle of any combination shall be lighted."

That statute makes it clear that when lights are required on motor vehicles the only time a "towed" car is excused from having headlights is when those lights would be obscured by the "towing" vehicle. Who is to determine the extent of obscurity? The trial court? We do not think so. This is a question for the jury. The jury in the cases at bar could well have decided that, if there had been headlights on the "towed" car, Mrs. Bastin might have seen them in time to have avoided injury to herself.

The judgments are reversed, and a new trial is granted.

*Judgments reversed.*

MATTHEWS, P. J., and O'CONNELL, J., concur.